UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MILTON THOMPSON,

    Plaintiff,

    -v-

THE UNITED STATES, MARTIN HORREN,
BRENDA BAILEY, TOM VALADE, B. EVERY,
T. BARNASIE, and J. FERRANDO,

    Defendants.

---



**DECISION AND ORDER**
09-CV-0964M

## INTRODUCTION

Plaintiff, Milton Thompson, a detainee at the Buffalo Federal Detention Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, 42 U.S.C. 12132 *et seq.*, and the Rehabilitation Act ("Rehab. Act"), 29 U.S.C. § 701 *et seq.* (Docket No. 1), and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). He also seeks the appointment of counsel, which is denied at this time without prejudice as premature inasmuch as a more fully developed record on the remaining claims will be necessary before the Court can determine whether plaintiff's chances of success

warrant the appointment of counsel.[1]  Plaintiff may renew this request at such time as the existence of potentially meritorious claims may be demonstrated.

Plaintiff's First Cause of Action alleges that he suffers from an unspecified "disability" that requires that he wear "medical boots" and "snickers" and that upon the transfer of his custody to the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") at the Buffalo Federal Detention Facility he was denied the use of both the medical boots and snickers, and an eye exam and renewal of his prescription glasses.  Plaintiff alleges that this was a violation of Title II of the ADA, the Rehab Act and 42 U.S.C. § 1983.[2]  (Docket No. 1, Complaint, ¶¶ 1-40; "First [and] Second Issue[s]," at pp. 12-15).

Plaintiff's Second Cause of Action alleges that the Law Library at the Buffalo Federal Detention Facility is inadequate and does not contain sufficient resources to enable him to continue to attempt to challenge his underlying New York State conviction and demonstrate his "actual innocence."  (Id., "Second Cause of Action," ¶¶ 1-23; "First Issue," at pp. 20-21).

Plaintiff's Third Cause of Action alleges that he was denied his rights to procedural due process and subjected to cruel and unusual punishment when,

---

[1] See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

[2] Because plaintiff is suing only the federal government and federal officials the claims of deliberate indifference under the Eighth Amendment to the United States Constitution are construed to be claims brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 398 (1971) (Harlan, J., concurring) and not 42 U.S.C. § 1983. In view of plaintiff's pro se status, the Court will construe his § 1983 claims against the federal defendants as claims under Bivens, see Tavarez v. Reno, 54 F.3d 109 (2d Cir. 1995).

following a disciplinary hearing for an incident report issued when he failed, as ordered, to immediately end a telephone conference with the Second Circuit Court of Appeals and lock into his cell for the 10:00 a.m. "change over," he was found guilty and sentenced to what amounted to 18 days in the Special Housing Unit. He claims that during those 18 days he was issued only one blanket and one jump suit, and that he was denied one hour of recreation, a cup of coffee in the morning with his breakfast and a winter jacket. He also claims his cell was not adequately heated. (*Id.*, Third Cause of Action, ¶¶ 1-45; "First Issue," ¶¶ 1-9, and "Second Issue," at 30).

For the following reasons: (1) plaintiff's request to proceed as a poor person is granted; (2) plaintiff's claims against defendant United States are dismissed in their entirety; (3) plaintiff's claims under Title II of the ADA and the Rehab. Act (Complaint, First Issue, at pp. 12-13) are dismissed in their entirety, as are the claims alleging an inadequate law library (Second Cause of Action, ¶¶ 1-23, and First Issue, at pp. 20-21); and (4) plaintiff's claims alleging procedural due process violations and cruel and unusual punishment relating to his disciplinary hearing and 18 days of disciplinary confinement (Third Cause of Action, ¶¶ 1-45, at pp. 22-32, First Issue, ¶¶ 1-9, at pp. 28-29, and Second Issue, at p. 30) are dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii). Service by the U.S. Marshals is ordered with respect to only the *Bivens* claim as against

defendants Herron and Bailey to the extent it alleges an Eighth Amendment deliberate indifference claim (Complaint, First and Second Issue, at pp. 12-15).³

**DISCUSSION**

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. See *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights

---

³See *Krebs v. Spitzer*, No. 9:08-CV-255, 2008 WL 2003852, at *2 (N.D.N.Y. May 7, 2008) (Report & Recommendation, U.S.M.J., D. Peebles, adopted by U.S.D.J. Norman A. Mordue, Chief Judge) ("Although the court has a duty to show liberality to pro se litigants, and should exercise extreme caution in ordering sua sponte dismissal of a pro se complaint 'before the adverse party has been served and both parties ... have had an opportunity to respond,' there is a responsibility on the part of the court to determine that a claim is not frivolous before permitting a plaintiff to proceed.") (quoting *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir.1983) (citations omitted) and citing *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990 (per curiam); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir.2000); *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir.1991) (per curiam)). See also *Muniz v. Goord*, No. 9:04-CV-0479, 2007 WL 2027912, at * 8 ((N.D.N.Y. July 11, 2007) (the Court has an obligation under 28 U.S.C. § § 1915(e)(2)(B) and 1915A to *sua sponte* dismiss *pro se* [claims] that are frivolous or fail to state a claim).

violations." *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004); *and see Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir. 1998). Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon,* 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Padus,* 551 U.S.89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007)) (internal quotation marks and citation omitted). "

"A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson,* 551 U.S. at 94 (internal quotation marks and citations omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* – U.S. –, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## A. PLAINTIFF'S CLAIMS

### 1. First Cause of Action

As noted, plaintiff's First Cause of Action alleges that he suffers from a disability that requires him to wear medical boots and snickers, which he has been denied by defendants Bailey or Herron, although he claims he has been approved to obtain them, and that he has been denied an eye exam and prescription glasses. He claims that these are violations of Title II of the ADA, the Rehab. Act and the Eighth Amendment.

(a.) Title II of ADA

Plaintiff's claims under Title II of the ADA[4] must be dismissed in their entirety inasmuch as Title II is not applicable to the federal government, its agencies or employees. *Jackson v. Astrue*, 277 Fed.Appx. 76, 77 (2d Cir. 2008) (Not selected for publication in Federal Reporter) (quoting *Cellular Phone Taskforce v. FCC*, 217 F.3d 72, 73 (2d Cir. 2000)); *Sarvis v. United States*, 234 F.3d 1262 (2d Cir. 2000) (Summary Order) (Table, text in Westlaw, 2000 WL 1568230); *Foreman v. Bureau of Prisons*, No. Civ. 04-5413(RBK), 2005 WL 3500807, at *10 (D.N.J. Dec. 20, 2005) (citations omitted). *See also Van Brocklen v. United States*, No. 1:08-CV-312, 2009 WL 819382, at *3 (March 26,

---

[4] 42 U.S.C. § 12132 provides in pertinent part:

[N]o qualified individual with a disability shall, by reason, of such disability, be excluded from participation in ... the services, programs, or activities of a public entity.

2009) (citing cases); *Hurtado v. Reno*, 34 F.Supp.2d 1261 (D.Colo. 1999) (deaf alien awaiting deportation at a federal detention facility had no right of action under Title II of ADA against the Attorney General and INS officials concerning the conditions of confinement because the federal detention facility did not fall with the ADA's definition of "public entity.")

In *Sarvis*, the Second Circuit affirmed the district court's dismissal of a federal prisoner's claims against the United States Bureau of Prisons under Title II of the ADA on the grounds that Title II of the ADA prohibits discrimination against the disabled by "a public entity," 42 U.S.C. § 12132, and "public entity" is defined in relevant part as "any State or local government," or "any department, agency, special purpose district, or other instrumentality of a State of States or local governments." *Id.* "Based on this definition, [the Second Circuit] has held that 'Title II of the ADA is not applicable to the federal government.'" *Sarvis*, 2000 WL 1568230, at *2 (quoting *Cellular Phone Taskforce*, 217 F.3d at 73).

The panel in *Sarvis* also held with respect to the Rehab. Act claim, *see* 29 U.S.C. § 794(a), that the federal prisoner's claims under the Rehab. Act were properly dismissed "because Congress has not waived the Federal Government's sovereign immunity against awards of money damages for § 504(a) violations, except where a federal agency is acting as a " 'Federal provider' of financial assistance." *Sarvis*, 2000 WL 1568230, at *2 (citing *Lane v. Pena*, 518 U.S. 187,

193 (1996) (quoting Rehabilitation Act § 505(a)(2), 29 U.S.C. § 794a(a)(2) (emphasis added)).

(b.) Rehabilitation Act

Although plaintiff has not set forth the specific section or language of the Rehab. Act he relies on, the Rehab. Act provides that no qualified individual with a disability shall be excluded from participation in, denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance, or activity conducted by any Executive agency. 29 U.S.C. § 794(a). "'Congress has not waived the Federal Government's sovereign immunity against awards of money damages for § 504(a) violations, except where a federal agency is acting as a " 'Federal provider' of financial assistance.'" Hollman v. Lindsay, 2009 WL 3112076, at *9, n.6 (E.D.N.Y. Sept. 25, 2009) (quoting Sarvis, 2000 WL 1568230, at *2 (citing Lane v. Pena, 518 U.S. 187, 193 (1996). The Rehab. Act's waiver is limited to "the funding activities" of federal providers. Lane, 518 U.S. at 195. In this matter there is nothing to suggest that any of the defendants or those not named as defendants--e.g., ICE--were acting as a "Federal Provider" in denying plaintiff medical boots, snickers or an eye exam and therefore plaintiff's claims under the Rehab. Act are barred by

sovereign immunity. See Sarvis, 2000 WL 1568230, at *2 (affirming dismissal of prisoner's Rehabilitation Act claim against Bureau of Prisons).[5]

Additionally, and to the extent plaintiff alleges a "disability" under the statute and seeks relief other than monetary damages, a review of the complaint herein shows that plaintiff is not complaining about a denial of access to benefits or programs as a result of a disability. Rather he is complaining that he has been denied adequate medical care at the Federal Detention Facility, not that he has been denied access to programs or benefits on account of a disability. The Rehab. Act "afford[s] disabled persons legal rights regarding access to programs and activities enjoyed by all, not a general federal cause of action for challenging the medical treatment of their underlying disabilities." *Marlin v. Dube-Gilley*, No. 2:07CV00052, BSM/HDY, 2008 WL 2952072, at * 4 (E.D.Ark., June 24, 2008) (Report and Recommendation, U.S.M.J. Young, H.D.) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir.1996) (ADA); *Grzan v. Charter Hosp. of N.W. Ind.*, 104 F.3d 116, 122-23 (7th Cir.1997) (Rehab. Act); *United States v. University Hosp.*, 729 F.2d 144, 156-60 (2d Cir.1984)(same)), *adopted in part on the grounds relied on herein and rejected in part on other grounds* NO. 207CV00052BSM/HDY, 2008 WL 2952113 (E.D.Ark. Jul 29, 2008) (Order, U.S.D.J., Hodge, G.). As such, and assuming plaintiff has alleged a "disability" under the statute—which he

---

[5]Federal employees or officials cannot be sued in their individual capacities under the Rehab. Act. See *Daniel v. Levin*, 172 Fed.Appx. 147, 149 (9th Cir. 2006); *Arawole v. Hemingway*, No. Civ.A. 4:04CV506Y, 2005 WL 1630013, at *2 (N.D. Tex. July 7, 2005).

has not--, his claim under the Rehab. Act fails to state a claim upon which relief can be granted.

Accordingly, plaintiff's claims under both the ADA and Rehab. Act are dismissed in their entirety.

### 2. Second Cause of Action

Plaintiff alleges that the law library at the Buffalo Federal Detention Facility is insufficient and fails to contain sufficient legal materials to enable him to "research case laws related to the fact to his [state] conviction . . . for which plaintiff prior filed papers in this Court irrefutably demonstrates [sic] Plaintiff's [a]ctual [i]nnocence[]."[6] (Docket No. 1, Complaint, Second Cause of Action, ¶ 21). Plaintiff claims that the library lacks such resources as the "National Reporter," Digests, Shepard's Citations and "New York State's Lawyer's Diary."

While it is true that under the Constitution a correctional facility must provide an inmate with meaningful access to the courts, Bounds v. Smith, 430

---

[6]On August 21, 2009, petitioner filed a petition for a writ of habeas corpus in this court, pursuant to 28 U.S.C. § 2241, which, in part, challenged his conviction in New York State Supreme Court, Westchester County--the conviction he claims in this action he is trying to establish his actual innocence for. Thompson v. Holder, Jr., 09-CV-0736M. This petition, to the extent it sought to challenge petitioner's underlying state court conviction was transferred to the Second Circuit Court of Appeals for a gate-keeping determination pursuant to 28 U.S.C. § 2244(b) inasmuch as petitioner had previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Southern District of New York challenging the same conviction, which had been denied on the merits. (Thompson v. Bennet, 00 Civ. 5722). See Thompson v. Holder, Jr., 09-CV-736M, Docket No. 4, at 3, n.2 (W.D.N.Y. Sept. 1, 2009). Upon transfer of the petition, the Second Circuit denied petitioner's application seeking to file a second or successive petition. Id., Docket No. 8, Mandate.

The petition also sought to challenge petitioner's final order of removal and a stay of removal, which this Court dismissed without prejudice because it was without jurisdiction to adjudicate petitioner's challenge to the final order of removal and his request for a stay of removal. Thompson v. Holder, Jr., 09-CV-736M, Docket No. 4, at 6-9.

U.S. 817, 828 (1977), the mere limitation of access to legal materials, without more, does not state a constitutional claim, as "'the Constitution requires no more than reasonable access to the courts.'" *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (quoting *Pickett v. Schaefer*, 503 F. Supp. 27, 28 (S.D.N.Y. 1980)). Moreover, in order to state a constitutional claim, a plaintiff must make a showing that he has suffered, or will imminently suffer, actual harm; that is, that he was "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Accord *Morello v. James*, 810 F.2d 344, 347 (2d Cir. 1987).

Thus, plaintiff must show that he has suffered an actual injury traceable to the challenged conduct of prison officials. A plaintiff has not shown actual injury unless he shows that a "nonfrivolous legal claim had been frustrated or was being impeded" due to the actions of prison officials. *Lewis*, 518 U.S. at 351-52. Taking plaintiff's claim as true, he nevertheless "offers no facts to explain how the lack of some legal materials prejudiced [his] ability to seek redress from the judicial system." *Smith v. O'Connor*, 901 F. Supp. 644, 649 (S.D.N.Y. 1995). See also *Bourdon v. Loughren*, 386 F.3d 88, 93 (2d Cir. 2004) ("To establish a [*Bounds*] violation, [petitioner] must demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.") (internal quotation marks and alterations omitted)). Plaintiff has not alleged in any way that he was not "furnish[ed] . . . with the capability of bringing

his challenges before the courts." See id. at 98. He simply claims that the library was inadequate.[7]

Accordingly, plaintiff's claim that he has been denied access to the courts is hereby dismissed.

### 3. Third Cause of Action

Plaintiff's Third Cause of Action alleges that he was denied his rights to procedural due process and subjected to cruel and unusual punishment when, following a disciplinary hearing for an incident report he was issued, he was found guilty and sentenced to what amounted to 18 days in the Special Housing Unit. He claims that during those 18 days he was issued one blanket and one jump suit, and that he was denied one hour of recreation, a cup of coffee in the morning with his breakfast and a winter jacket. He also claims his cell was not adequately heated. (Complaint, Third Cause of Action, ¶¶ 1-45; "First Issue," ¶¶ 1-9, and "Second Issue," at 30).

Initially, to the extent plaintiff may be claiming that defendant Ferrando, the officer who directed him to end his phone call with the Second Circuit, issued or caused to be issued a false behavior report (id., Third Cause of Action, ¶¶ 1-9), this claim must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), because an inmate has no constitutional immunity from being falsely

---

[7][A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, – U.S. – ,129 S. Ct. at 1949 (internal quotation marks omitted). See n.3, supra. "Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam).

written up. *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"), *cert. denied*, 485 U.S. 982 (1988); *Husbands v. McClellan*, 957 F. Supp. 403 (W.D.N.Y. 1997). Accordingly, Ferrando will be dismissed as a defendant herein.

In assessing whether a prisoner had a protected liberty interest in avoiding administrative segregation, the Court must look to *Sandin v. Conner*, 515 U.S. 472 (1995), in which the Supreme Court held that state-created liberty interests of prisoners were limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 483-84. See *Iqbal v. Hasty*, 490 F.3d 143, 160 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, 129 S.Ct. at 2430 (citing *Tellier v. Fields*, 280 F.3d 2d Cir. 2000) (assessing whether a federal inmate was denied due process when he was placed in administrative detention for more than 500 days without notice of the reasons of the detention or receiving any hearings). The rule in this Circuit, since *Sandin,* is that a prisoner has a protected liberty interest " 'only if the deprivation ... is atypical and significant and the state has created the liberty interest by statute or regulation.' " *Tellier*, 280 F.3d at 80 (quoting *Sealey v. Giltner*, 116 F.3d 47, 52 (2d Cir.1997)) (omission in original); *see also Palmer v. Richards*, 364 F.3d 60, 64 & n. 2 (2d Cir.2004).

In assessing whether the confinement was an "atypical and significant hardship," the courts in this Circuit have found the relevant factors to include both the conditions of segregation and its duration. See Palmer, 364 F.3d at 64. "Segregation of longer than 305 days in standard SHU conditions is sufficiently atypical to require procedural due process protection under Sandin. When confinement is of an intermediate duration-between 101 and 305 days-" 'development of a detailed record' of the conditions of the confinement relative to ordinary prison conditions is required." Iqbal, 490 F.3d at 161 (citing Palmer, 364 F.3d at 65 (quoting and citing Colon, 215 F.3d 227, 231- 232 (2d Cir. 2000)).

With regards to confinement of 101 days or less, however, "[c]ourts in this Circuit [have] routinely h[e]ld that an inmates's confinement in special housing . . . absent additional egregious circumstances, does not implicate a liberty interest." Durran v. Selsky, 251 F.Supp.2d 1208, 1214 (S.D.N.Y. 2003) (citations omitted). See also Welch v. Bartlett, 196 F.3d 389, 393 (2d Cir.1999) ("actions under the Due Process Clause are reserved for prisoners enduring a hardship that is substantially more grave than hardships they would be likely to endure simply as a consequence of the ordinary administration of the prison." ); Alvarado v. Kerrigan, 152 F.Supp.2d 350, 355 (S.D.N.Y. 2001) ("the cases show a consensus in this Circuit that an inmate's confinement in the SHU for 101 days or less-without further deprivation-does not constitute an atypical or significant hardship").

As noted, plaintiff alleges that he was sentenced to 14 days of confinement in the Special Housing Unit but that, based on the dates set forth in the disposition report, he spent 18 days in said confinement (Complaint, Third Cause of Action, ¶¶ 33-34), and that he was not issued a winter jacket, and was issued only one blanket and one jump suit. He also claims he did not get a cup of coffee with his breakfast during his time in the Special Housing Unit. Based on these allegations, plaintiff fails to allege a claim that he had a liberty interest inasmuch as said allegations simply do not rise to the level of an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."[8] *Sandin*, 515 U.S. at 484; *see Baker v. Finn*, No. 00 Civ. 3886, 2001 WL 1338919, at *4 (S.D.N.Y. Oct.31, 2001) (dismissing case where plaintiff failed to allege that his 136 day confinement included "conditions atypical, or onerous, as compared to those experienced by other prisoners"). Accordingly, plaintiff's claim alleging a due process violation and cruel and unusual punishment[9] are dismissed.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma*

---

[8]"Although determining whether a particular confinement imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, will involve factual determinations, 'the ultimate issue of atypicality is one of law.'" *Durran*, 251 F.Supp.2d at 1214 (quoting *Sealey v. Giltner*, 197 F.3d 578, 585 (2d Cir.1999) (other internal quotations and citations omitted).

[9]"Restraints on an inmate do not violate the eight amendment unless they are 'totally without penological justification, 'grossly disproportionate,' or 'involve the unnecessary and wanton infliction of pain.'" *Smith v. Coughlin*, 748 F.2d 783, 787 (2d Cir. 1984) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1980)). *See also Horne v. Coughlin*, 155 F.3d 26, 31(2d Cir. 1998) (six-month solitary detention imposed upon inmate was not totally without penological justification, grossly disproportionate, or unnecessary and wanton infliction of pain).

pauperis is hereby granted. For the reasons discussed above, the following claims are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A: (1) plaintiff's claims against defendant United States; (2) plaintiff's claims under Title II of the ADA and the Rehab. Act (Complaint, First Issue, at pp. 12-13); (3) plaintiff's claims alleging an inadequate law library (Second Cause of Action, ¶¶ 1-23, and First Issue, at pp. 20-21); and (4) plaintiff's claims alleging procedural due process violations and cruel and unusual punishment relating to his disciplinary hearing and 18 days of disciplinary confinement (Third Cause of Action, ¶¶ 1-45, at pp. 22-32, First Issue, ¶¶ 1-9, at pp. 28-29, and Second Issue, at p. 30). Service by the U.S. Marshals is ordered with respect to the Bivens claim only against defendants Herron and Bailey to the extent said claim alleges an Eighth Amendment deliberate indifference claim (Complaint, First and Second Issue, at pp. 12-15).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed in forma pauperis is granted;

FURTHER, that the following claims are dismissed with prejudice: (1) plaintiff's claims against defendant United States; (2) plaintiff's claims under Title II of the ADA and the Rehab. Act (Complaint, First Issue, at pp. 12-13); (3) plaintiff's claims alleging an inadequate law library (Second Cause of Action, ¶¶ 1-23, and First Issue, at pp. 20-21); and (4) plaintiff's claims alleging procedural

due process violations and cruel and unusual punishment relating to his disciplinary hearing and 18 days of disciplinary confinement (Third Cause of Action, ¶¶ 1-45, at pp. 22-32, First Issue, ¶¶ 1-9, at pp. 28-29, and Second Issue, at p. 30);

FURTHER, that the Clerk of the Court is directed to terminate defendants United States, Tom Valede, B. Every, T. Barnasie and J. Ferrando as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon defendants Martin Herron and Brenda Bailey without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, plaintiff's motion for appointment of counsel is denied without prejudice;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: May 6, 2010